RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DEC 1 2 2007

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

E███ K███, Individually; E███ )
K███, by and through her next friend )
and mother, AMY ATKINS, )
)
    Plaintiffs, )
)
vs. )
)
CHILD DEVELOPMENT SCHOOLS, )
INC. d/b/a CHILDCARE NETWORK, )
et al., )
)
    Defendants. )

CASE NO.: 3:07CV1083-mht

## NOTICE OF REMOVAL

COMES NOW your petitioner, Child Development Schools, Inc. d/b/a Childcare Network, and files this Notice of Removal, and respectfully shows unto this Honorable Court as follows:

1.    Your petitioner is a named defendant in a civil suit commenced at law in the Circuit Court of Russell County, Alabama, and in that suit E███ K███, individually, and E███ K███, by and through her next friend and mother, Amy Atkins, are the plaintiffs. Plaintiffs filed this action on April 30, 2007, and your petitioner was served on November 15, 2007. This Notice of Removal is filed pursuant to 28 U.S.C. § 1446(b).

2.    True copies of all process, pleadings, and orders filed in the Circuit Court of Russell County (CV-07-900041) and served on the petitioner are attached to this petition and marked as Exhibit 1. These pleadings and orders attached hereto constitute a true copy of all pleadings and orders, served, and purported to be served upon the petitioner as a defendant. This petition is filed in the United States District Court for the Middle District of Alabama, Eastern Division, within the time provided by law for the removal of actions to the United States District Court pursuant to 28

U.S.C. § 1446(b).

     3.     Petitioner, Child Development Schools, Inc. d/b/a Childcare Network, was at the time

of the filing of said suit a Georgia corporation with its principal place of business in the State of

Georgia, and is not a resident citizen of the State of Alabama within the meaning of the Judiciary

Article of the Constitution of the United States and the Acts of Congress, creating diversity

jurisdiction in the federal courts and governing the removal of causes from state courts to federal

courts on the ground of diversity of citizenship.

     4.     The plaintiffs, E■ K■, individually, and E■ K■, by and through her next

friend and mother, Amy Atkins, have alleged that the petitioner negligently/wantonly permitted a

sexual abuse to occur; negligently/wantonly supervised a daycare program; breached an express or

implied contract; and negligently/wantonly failed to provide safe surroundings, protection, and

supervision. Plaintiffs are individuals residing in Russell County, Alabama and are resident citizens

of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United

States and the Acts of Congress creating diversity jurisdiction in the federal courts and governing

the removal of causes from state courts to federal courts on the ground of diversity of citizenship.

     5.     The matters in controversy between the plaintiffs and the petitioner are in good faith

believed to exceed the sum of $75,000.00, exclusive of interest and costs. The petitioner is aware

that the plaintiffs' Complaint does not specify an amount for recovery. The amount in controversy

requirement can be met by a punitive damage claim if it is possible under state law for a jury to

award that much. Rhine v. State Farm Mutual Auto Ins. Co., 934 F.2d 276 (11th Cir. 1991). It is

clearly possible for a jury to award punitive damages for these types of allegations in excess of

$75,000.00.

Furthermore, removal is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). The instant action arises out of an allegation of sexual abuse. Given the serious nature of the allegations in the plaintiffs' complaint, it is "facially apparent" that the amount in controversy would exceed $75,000.00.

Even if the amount in controversy is not "facially apparent" from the plaintiffs' complaint, it is reasonable to conclude that a jury would award damages in excess of $75,000.00 based on the allegations in the complaint. In fact, juries in similar situations have awarded verdicts in excess of the jurisdictional requirement. See, e.g., Dennard v. Small World Center, Inc., 29 A.D.3d 730, 815 N.Y.2d 240 (jury awarded $250,000 for past pain and suffering and $550,000 for future pain and suffering where minor plaintiff was allegedly sexually abused by another minor student at the defendant child care center); Henriques v. Kindercare Learning Center, Inc., 6 A.D.3d 220, 774 N.Y.S.2d 527 (plaintiff, then four years old, who allegedly abused by two other four-year-olds in the bathroom of defendant's daycare facility, was awarded $150,000 and $200,000 for past and future pain and suffering, respectively).

6.      No change in citizenship of the parties to this cause has occurred since the commencement of this suit.

7.      The United States District Court for the Middle District of Alabama, Eastern Division, has jurisdiction of this cause by virtue of the diversity of citizenship of the parties under 28 U.S.C. § 1332 and § 1441.

8.      A true copy of this petition has been filed with the Clerk of the Circuit Court of Russell County, Alabama, as required by law.

3

WHEREFORE, premises considered, your petitioner prays that this Honorable Court will consider this Notice as provided by law governing the removal of causes to this Court, that this Court will make the proper orders to effect the removal of this cause from the Circuit Court of Russell County, Alabama, to this Court, and such other and further orders as may be appropriate as to effect the preparation and filing of a true record in this case of all proceedings that may have been had in the Circuit Court.


Keith J. Pflaum (PFL001,ASB-3002-A54K)
Attorney for Defendant, Child Development
Schools, Inc. d/b/a Childcare Network

OF COUNSEL:
**PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.**
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790
(205) 980-5000
(205) 980-5001 (Fax)
kjp@phm-law.com


## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon the following by placing a copy of the same in the United States Mail, first class postage prepaid and properly addressed on this the ___12___ day of ___December___, 2007.

Jerry D. Roberson, Esq.
Roberson & Roberson
P.O. Box 380487
Birmingham, AL 35238-0487


OF COUNSEL

4

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**57-CV-200**<br>Date of Filing:<br>04/30/2007 | ELECTRONICALLY FILED<br>4/30/2007 12:07 PM<br>CV-2007-900041.00<br>CIRCUIT COURT OF<br>RUSSELL COUNTY, ALABAMA<br>KATHY S. COULTER, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT OF RUSSELL COUNTY, ALABAMA

████ K██ v. CHILD DEVELOPMENT SCHOOLS, D/B/A CHILDCARE NETWORK

First Plaintiff: ☐ Business  ☑ Individual      First Defendant: ☑ Business  ☐ Individual
               ☐ Government ☐ Other                             ☐ Government ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ASAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

ORIGIN:  F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

         R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT   _____

HAS JURY TRIAL BEEN DEMANDED?    ☑ Yes  ☐ No

RELIEF REQUESTED:    ☐ MONETARY AWARD REQUESTED    ☑ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:  ROB010      4/30/2007 11:47:17 AM      /s JERRY ROBERSON

MEDIATION REQUESTED:    ☐ Yes  ☐ No  ☑ Undecided



EXHIBIT
1



ELECTRONICALLY FILED
4/30/2007 12:07 PM
CV-2007-900041.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

E███ K███, INDIVIDUALLY; E███ K███ BY AND THROUGH HER NEXT FRIEND AND MOTHER, **AMY ATKINS**,

**Plaintiffs,**

v.

**CHILD DEVELOPMENT SCHOOLS, INC., d/b/a CHILDCARE NETWORK,**

**No. 1**, whether singular or plural, being that person, firm, partnership, corporation or other legal entity who under took to provide services to Plaintiffs on the occasion made the basis of this lawsuit;

**No. 2**, whether singular or plural, being that person, firm, partnership, corporation or other legal entity who negligently or wantonly supervised the activities of the Plaintiff and others on or about the occasion made the basis of this lawsuit;

**No. 3**, whether singular or plural, being that person, firm, partnership, corporation, or other legal entity who negligently or wantonly left the Plaintiff unattended in an area at the time and place described in Plaintiff's Complaint;

**No. 4**, whether singular or plural, being that person, firm, partnership, corporation or other legal entity who breached a warranty of reasonable and appropriate care and attention to the Plaintiff on the occasion described in Plaintiff's Complaint;

**No. 5**, whether singular or plural, being that person, firm, partnership, corporation or other legal entity who negligently or wantonly supervised the area described in this Complaint;

**No. 6**, whether singular or plural, being that person, firm, partnership, corporation or other legal entity who undertook to provide services to the Plaintiff on the occasion made the basis

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV:

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

of this lawsuit;                                          )
                                                          )
**No. 7,** whether singular or plural, being;             )
that person, firm, partnership,                           )
corporation or other legal entity who                     )
undertook to assist and secure the                        )
Plaintiff on the occasion made the basis                  )
of this lawsuit;                                          )
                                                          )
**No. 8,** whether singular or plural, being              )
that person, firm, partnership,                           )
corporation or other legal entity who                     )
breached a warranty that the Plaintiff                    )
would be reasonably and adequately                        )
protected from physical acts of violence                  )
against her person while a attending,                     )
working or being affiliated with the Child                )
Development Schools, Inc.                                 )
                                                          )
    Plaintiff avers that the identity of   )
the fictitious party defendants is                        )
otherwise unknown to Plaintiff at this                    )
time, or, if their names are known to                     )
Plaintiff at this time their identity as                  )
proper party defendants is not known to                   )
Plaintiff at this time; but their true names              )
will be substituted by amendment when                     )
the aforesaid lacking knowledge is                        )
ascertained.                                              )
                                                          )
        **Defendants.**   )
                                                          )
                                                          )

# C O M P L A I N T

## COUNT I

1.    On or before May 1, 2005, the Defendant, CHILD DEVELOPMENT

SCHOOLS, INC., D/B/A CHILDCARE NETWORK and one or more of the Fictitious Party

Defendants described in the caption hereof, undertook and did provide services to the

Plaintiff, E██████ K████, at a program through the Defendant's school in Phenix City,

Alabama.

2.    During Plaintiff's education with the daycare and at said time and place, the Defendant, CHILD DEVELOPMENT SCHOOLS, INC. and one or more of the Fictitious Party Defendants described in the caption hereof, negligently and/or wantonly provided services to the Plaintiff in that the Defendants failed to adequately and/or properly observe and assess the danger and/or risk of attack and injury to the Plaintiff presented by other students and failed to adequately safeguard and protect the Plaintiff against those dangers and/or risks of attack.  Further, the defendant, CHILD DEVELOPMENT SCHOOLS, INC., and one or more of the Fictitious Party Defendants described in the caption hereof, are vicariously liable to Plaintiff due to the negligence and/or wantonness of its agents and/or employees.

3.    Defendants 1, 2, 3, 4, 5, 6, 7 and 8, whose more correct names and identities are unknown to Plaintiff but will be correctly named and identified when ascertained, are the respective entities who or which are named fictitiously in the caption above.

4.    As a proximate result of said defendants' negligence and/or wantonness, Plaintiff, E▮▮▮ K▮▮▮ was caused to be injured and damaged in that, she was sexually assaulted, battered and otherwise injured on May 1, 2005, by a male student who was in the same school with the Plaintiff.  Plaintiff has suffered physical, mental and emotional pain and suffering, trauma, anxiety, humiliation, embarrassment, damage to her reputation, shame and has suffered permanent damage as a proximate result of said Defendants' negligent and/or wanton conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, E▮▮▮ K▮▮▮, Individually, and E▮▮▮ K▮▮▮, by and through her next friend and MOTHER, AMY ATKINS, demand judgment, to be determined by a struck jury, against defendant, CHILD DEVELOPMENT SCHOOLS, INC., and one or more of the Fictitious Party Defendants 1, 2, 3, 4, 5, 6, 7 and 8, described in the caption hereof, jointly and severally, and that compensatory and punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by Plaintiff due to the

defendants' negligent, reckless, willful, wanton, and/or wrongful behavior, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts, and which will effectively prevent other similar wrongful acts. Further, Plaintiff requests that the Court enter judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT TWO

Plaintiff adopts all of the allegations of Count One as if set out fully herein.

1.    On May 1, 2005, the Defendant, CHILD DEVELOPMENT SCHOOLS, INC., and one or more of the Fictitious Party Defendants described in the caption hereof, undertook and did provide daycare services to the Plaintiff, E███ K███, through a program at the CHILD DEVELOPMENT SCHOOLS, INC., in Russell County, located in Phenix City, Alabama.

2.    During the program and at said time and place, the Defendant, CHILD DEVELOPMENT SCHOOLS, INC., and one or more of the Fictitious Party Defendants described in the caption hereof, had a duty to the Plaintiff to reasonably and properly supervise the students during the program and to provide adequate security to said Plaintiff, E███ K███, to supervise the social interactions of the Plaintiff, E███ K███, with other students, to properly and adequately, to supervise and/or control students' obvious sexual assaults and aggressive tendencies toward other students, to supervise all activities of all students in the school.

3.    During said period of time, and at said place, said defendants, negligently and/or wantonly provided services to Plaintiff in that said defendants failed to reasonably and properly supervise the program to which the Plaintiff, E███ K███, was a member, failed to provide adequate security for Plaintiff, E███ K███, during said program, failed to supervise the social interactions of the Plaintiff, E███ K███, with other students, failed to supervise and/or control other students' sexual assaults and aggressive tendencies

toward other students, failed to supervise all activities of all students in the program.

4.    Defendants 1, 2, 3, 4, 5, 6, 7 and 8, whose more correct names and identities are unknown to Plaintiff but will be correctly named and identified when ascertained, are the respective entities who or which are named fictitiously in the caption above.

5.    Plaintiff alleges that the negligent and/or wanton conduct of each of the named defendants, and also the above-described Fictitious Party defendants 1, 2, 3, 4, 5, 6, 7 and 8, combined and concurred, proximately causing the Plaintiff's injuries and damages heretofore described.

6.    As a proximate result of said defendants' negligence and/or wantonness, Plaintiff, E████ K██, was caused to be injured and damaged as set out in Count One.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, E███ K██, Individually, and E███ K██, by and through her next friend and MOTHER, AMY ATKINS, demands judgment, to be determined by a struck jury, against defendants, CHILD DEVELOPMENT SCHOOLS, INC. and Fictitious Party Defendants 1, 2, 3, 4, 5, 6, 7 and 8, described in the caption hereof, jointly and severally, and that compensatory and punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by Plaintiff due to the defendants' negligent, reckless, willful, wanton, and/or wrongful behavior, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts, and which will effectively prevent other similar wrongful acts.    Further, Plaintiff requests that the Court enter judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT THREE

Plaintiff adopts all of the allegations of Counts One and Two as if set out fully herein.

1.    On May 1, 2005, the Defendant, CHILD DEVELOPMENT SCHOOLS, INC., and one or more of the Fictitious Party Defendants described in the caption hereof,

undertook and did provide services to the Plaintiff, E█████ K████, at CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK in Russell County, Alabama.

2.      During said period of time, at said place, certain expressed and implied contracts and warranties were entered into between the Plaintiff and the Defendants, CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK including an implied contract or warranty that all proper and applicable standards of care would be met by the Defendants during the rendering of care, aid and attention, and further that all care would be timely and properly provided.

3.      The Defendants breached said expressed and implied contracts and warranties and as a proximate consequence of said breaches, the Plaintiff was injured as set out in Count One above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, E█████ K████, Individually, and E█████ K███, by and through her next friend and MOTHER, AMY ATKINS, demands judgment, to be determined by a struck jury, against defendants, CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK, and one or more of the Fictitious Party Defendants 1, 2, 3, 4, 5, 6, 7 and 8, described in the caption hereof, jointly and severally, and that compensatory damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by Plaintiff due to the defendants' negligent, reckless, willful, wanton, and/or wrongful behavior, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts, and which will effectively prevent other similar wrongful acts. Further, Plaintiff request that the Court enter judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## COUNT FOUR

Plaintiff adopts all of the allegations of Counts One, Two and Three as if set out fully

herein.

1.      On August 25, 1995, the Defendant, CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK, and one or more of the Fictitious Party Defendants described in the caption hereof, undertook and did provide services to the Plaintiff, EMILY KING, through a program at CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK, in Russell County, Alabama.

2.      At said time and at said place, the Defendant, CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK , and one or more of the Fictitious Party Defendants described in the caption hereof, were negligent and/or wanton in providing Plaintiff, E███ K██, with reasonably safe surroundings, protection and supervision.

3.      As a proximate consequence of the Defendants' negligent and/or wanton conduct described above, Plaintiff, EMILY KING, was caused to be injured and damaged as set out in Count One.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, E███ K██, Individually, and E███ K██, by and through her next friend and MOTHER, AMY ATKINS, demands judgment, to be determined by a struck jury, against defendants, CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK, and one or more of the Fictitious Party Defendants 1, 2, 3, 4, 5, 6, 7 and 8, described in the caption hereof, jointly and severally, and that compensatory and punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by Plaintiff due to the defendants' negligent, reckless, willful, wanton, and/or wrongful behavior, and in an amount which will adequately reflect the enormity of the defendants' wrongful acts, and which will effectively prevent other similar wrongful acts. Further, Plaintiff requests that the Court enter judgment consistent with the verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238-0487
Phone Number:      205.981.3906
Fax Number:         205.981.3908
E-mail: jdratty@charter.net
          tlbaker@charter.net

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

**Defendants May Be Served by Certified Mail, Return Receipt Requested as Follows:**

**Child Development Schools, Inc.**
**Lisa Butler**
**2401 Sportsman Drive**
**Phenix City, Al. 36867**



ELECTRONICALLY FILED
4/30/2007 12:07 PM
CV-2007-900041.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| E███ K███, INDIVIDUALLY; E███ K███ BY AND THROUGH HER NEXT FRIEND AND MOTHER, **AMY ATKINS**, ) ) ) ) ) | |
| **Plaintiffs,** ) ) | **CV:** |
| **v.** ) ) | **REQUEST FOR SERVICE VIA CERTIFIED MAIL** |
| **CHILD DEVELOPMENT SCHOOLS, INC., d/b/a CHILDCARE NETWORK,** ) ) ) | |

**No. 1**, whether singular or plural, being that person, firm, partnership, corporation or other legal entity who under took to provide services to Plaintiffs on the occasion made the basis of this lawsuit;

**No. 2**, whether singular or plural, being that person, firm, partnership, corporation or other legal entity who negligently or wantonly supervised the activities of the Plaintiff and others on or about the occasion made the basis of this lawsuit;

**No. 3**, whether singular or plural, being that person, firm, partnership, corporation, or other legal entity who negligently or wantonly left the Plaintiff unattended in an area at the time and place described in Plaintiff's Complaint;

**No. 4**, whether singular or plural, being that person, firm, partnership, corporation or other legal entity who breached a warranty of reasonable and appropriate care and attention to the Plaintiff on the occasion described in Plaintiff's Complaint;

1

**No. 5**, whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
negligently or wantonly supervised the
area described in this Complaint;

**No. 6**, whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
undertook to provide services to the
Plaintiff on the occasion made the
basis of this lawsuit;

**No. 7**, whether singular or plural, being;
that person, firm, partnership,
corporation or other legal entity who
undertook to assist and secure the
Plaintiff on the occasion made the
basis of this lawsuit;

**No. 8**, whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
breached a warranty that the Plaintiff
would be reasonably and adequately
protected from physical acts of violence
against her person while a attending,
working or being affiliated with the
Child Development Schools, Inc.

    Plaintiff avers that the identity of
the fictitious party defendants is
otherwise unknown to Plaintiff at this
time, or, if their names are known to
Plaintiff at this time their identity as
proper party defendants is not known
to Plaintiff at this time; but their true
names will be substituted by
amendment when the aforesaid lacking
knowledge is ascertained.

        **Defendants.**

2

)

## REQUEST FOR SERVICE VIA CERTIFIED MAIL

COMES NOW, E█████ K████, Plaintiff in the above-styled case, and requests the

Defendant in the above-styled case be served via certified mail by the Clerk of Court.

Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238-0487
Phone Number:     205.981.3906
Fax Number:       205.981.3908
E-mail: jdratty@charter.net
        tlbaker@charter.net

## PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:

**Child Development Schools, Inc.**
**Lisa Butler**
**2401 Sportsman Drive**
**Phenix City, Al. 36867**

3

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>57-CV-2007-900041.00 |
|---|---|---|

### IN THE CIVIL COURT OF RUSSELL, ALABAMA
### E▆▆ K▆▆ v. CHILD DEVELOPMENT SCHOOLS, D/B/A CHILDCARE NETWORK

NOTICE TO  CHILD DEVELOPMENT SCHOOLS, D/B/A CHILDCARE NETWORK, LISA BUTLER 2401

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JERRY ROBERSON

WHOSE ADDRESS IS P.O. Box 380487, BIRMINGHAM AL, 35238

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  EMILY KING
   pursuant to the Alabama Rules of the Civil Procedure

| 4/30/2007 12:07:11 PM | /s KATHY S. COULTER | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JERRY ROBERSON
                                     Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date                         Server's Signature



ELECTRONICALLY FILED
4/30/2007 12:07 PM
CV-2007-900041.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

E███ K███, INDIVIDUALLY; E███ )
K██ BY AND THROUGH HER NEXT )
FRIEND AND MOTHER, **AMY** )
**ATKINS**, )
                                )
          **Plaintiffs,** )       **CV:**
                                )
**v.** )
                                )       **SUMMONS**
**CHILD DEVELOPMENT SCHOOLS,** )
**INC., d/b/a CHILDCARE NETWORK,** )
                                )
**No. 1**, whether singular or plural, being )
that person, firm, partnership, )
corporation or other legal entity who )
under took to provide services to )
Plaintiffs on the occasion made the )
basis of this lawsuit; )
                                )
**No. 2**, whether singular or plural, being )
that person, firm, partnership, )
corporation or other legal entity who )
negligently or wantonly supervised the )
activities of the Plaintiff and others on )
or about the occasion made the basis )
of this lawsuit; )
                                )
**No. 3**, whether singular or plural, being )
that person, firm, partnership, )
corporation, or other legal entity who )
negligently or wantonly left the Plaintiff )
unattended in an area at the time and )
place described in Plaintiff's Complaint; )
                                )
**No. 4**, whether singular or plural, being )
that person, firm, partnership, )
corporation or other legal entity who )
breached a warranty of reasonable and )
appropriate care and attention to the )
Plaintiff on the occasion described in )
Plaintiff's Complaint; )
                                )
**No. 5**, whether singular or plural, being )

that person, firm, partnership,                                 )
corporation or other legal entity who                           )
negligently or wantonly supervised the                          )
area described in this Complaint;                               )
                                                                )
**No. 6**, whether singular or plural, being                    )
that person, firm, partnership,                                 )
corporation or other legal entity who                           )
undertook to provide services to the                            )
Plaintiff on the occasion made the                              )
basis of this lawsuit;                                          )
                                                                )
**No. 7**, whether singular or plural, being;                   )
that person, firm, partnership,                                 )
corporation or other legal entity who                           )
undertook to assist and secure the                              )
Plaintiff on the occasion made the                              )
basis of this lawsuit;                                          )
                                                                )
**No. 8**, whether singular or plural, being                    )
that person, firm, partnership,                                 )
corporation or other legal entity who                           )
breached a warranty that the Plaintiff                          )
would be reasonably and adequately                              )
protected from physical acts of violence                        )
against her person while a attending,                           )
working or being affiliated with the                            )
Child Development Schools, Inc.                                 )
                                                                )
       Plaintiff avers that the identity of                     )
the fictitious party defendants is                              )
otherwise unknown to Plaintiff at this                          )
time, or, if their names are known to                           )
Plaintiff at this time their identity as                        )
proper party defendants is not known                            )
to Plaintiff at this time; but their true                       )
names will be substituted by                                    )
amendment when the aforesaid lacking                            )
knowledge is ascertained.                                       )
                                                                )
              **Defendants.**                                   )
                                                                )
                                                                )
                                                                )

2

## SUMMONS

**TO DEFENDANT:  Child Development Schools, Inc.**
**Lisa Butler**
**2401 Sportsman Drive**
**Phenix City, Al. 36867**

You are hereby summoned and required to serve upon Plaintiff's attorney:

Jerry Roberson
ROBERSON & ROBERSON
P.O. Box 380487
Birmingham, Alabama 35238-0487

a response to the complaint which is herewith served upon you, within **30** days after service of this summons upon you, exclusive of the day of service.  IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.  A signed copy of your response MUST also be filed with the court.

DATE:_____          Russell County Circuit Court House,
                                        Clerk
                                        501 14th Street
                                        Phenix City, Alabama 36867

By:_____
                                        Deputy Clerk
Case Number: CV _____

3



ELECTRONICALLY FILED
4/30/2007 12:07 PM
CV-2007-900041.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

E████ K███, INDIVIDUALLY; E████
K███ BY AND THROUGH HER NEXT
FRIEND AND MOTHER, **AMY ATKINS**,

      **Plaintiffs,**

v.

**CHILD DEVELOPMENT SCHOOLS,
INC., d/b/a CHILDCARE NETWORK,**

**No. 1**, whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
under took to provide services to
Plaintiffs on the occasion made the basis
of this lawsuit;

**No. 2**, whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
negligently or wantonly supervised the
activities of the Plaintiff and others on or
about the occasion made the basis of
this lawsuit;

**No. 3**, whether singular or plural, being
that person, firm, partnership,
corporation, or other legal entity who
negligently or wantonly left the Plaintiff
unattended in an area at the time and
place described in Plaintiff's Complaint;

**No. 4**, whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
breached a warranty of reasonable and
appropriate care and attention to the
Plaintiff on the occasion described in
Plaintiff's Complaint;

**No. 5**, whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
negligently or wantonly supervised the
area described in this Complaint;

**No. 6**, whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
undertook to provide services to the

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV:

**PLAINTIFF'S FIRST
INTERROGATORIES**

Plaintiff on the occasion made the basis of this lawsuit;

**No. 7**, whether singular or plural, being; that person, firm, partnership, corporation or other legal entity who undertook to assist and secure the Plaintiff on the occasion made the basis of this lawsuit;

**No. 8**, whether singular or plural, being that person, firm, partnership, corporation or other legal entity who breached a warranty that the Plaintiff would be reasonably and adequately protected from physical acts of violence against her person while a attending, working or being affiliated with the Child Development Schools, Inc.

Plaintiff avers that the identity of the fictitious party defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

**Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**COME NOW** the Plaintiffs in the above-styled cause, and request that the Defendant, CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK, answer the following Interrogatories within the time required by the Alabama Rules of Civil Procedure. In addition, the Plaintiff request that the Defendant attach a copy of each and every document referred to in any of the interrogatories or in the Defendant's answers thereto.

**NOTE A:**  These Interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response.  Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information.

## INTERROGATORIES

1.    State your correct legal name as it should be stated to make you a party defendant in a lawsuit.

**RESPONSE:**


2.    List each and every person or entity who or which, to your knowledge, had any duty relating to the provision to reasonably and properly supervise the plaintiff, E███ K██, on the date of the occurrence made the basis of this lawsuit or prior thereto.

**RESPONSE:**


3.    Describe in full detail all statements given by E███ K██ about the occurrence and the child who violated her on the date of the occurrence made the basis of this lawsuit.

**RESPONSE:**


4.    Describe any and all investigations into the occurrence made the basis of the plaintiff's complaint, describing their date, the name, address and job classification of the person making said investigation.

**RESPONSE:**

5.     List the employer, job title and present address of anyone who, to your knowledge, prepared, submitted or made any written statement or report of the occurrence made the basis of this lawsuit.

**RESPONSE:**

6.     State the full name and address of every person known to you or to your attorneys, who has any knowledge regarding the facts and circumstances surrounding the happening of the occurrence made the basis of the complaint, including but not limited to, eyewitnesses to such event.

**RESPONSE:**

7.     State the full name and address of each witness that you expect to call at the trial of this case.

**RESPONSE:**

8.     State whether you or anyone to your knowledge has secured, obtained, or has any knowledge of any signed or unsigned statement or account, whether written, recorded or oral, made by any person, including parties, who claim to have any knowledge whatsoever pertaining in any way to the occurrence referred to in the complaint.

**RESPONSE:**

9.     Describe any safety inspection, or other type of inspection, you conducted

at or about the scene of the occurrence made the basis of the complaint, or any such inspection which was conducted, at any time during the two years preceding the date of said occurrence.

    <u>RESPONSE:</u>

10.    Describe any visits made by representatives from any insurance company or any entities to the site of the occurrence where plaintiff received the injuries made the basis of the complaint or to any other place of business of your employer during the five years immediately preceding the occurrence made the basis of the complaint.

    <u>RESPONSE:</u>

11.    Identify anyone other than the named plaintiff in this cause who you contend or have any knowledge that had any connection with or relationship to the occurrence made the basis of plaintiff's complaint.

    <u>RESPONSE:</u>

12.    Please state the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said experts are expected to testify.

    <u>RESPONSE:</u>

13.    Please state the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

**RESPONSE:**

    14.    Do you have insurance coverage for the acts alleged in this Complaint?  If so, state:

        a)    the name and address of the insurer;

        b)    the adjustor assigned to this claim; and

        c)    the policy limits of your coverage.

**RESPONSE:**

    15.    Does this school have an employee who is designated as the safety official for this school?  If so, please provide the name and address of this employee.

**RESPONSE:**

    16.    Do you abide by staffing ratios as concerns pupils to employees?

        a)    If so, please provide your standards regarding staffing ratios as well as the ratios in place on the date of the occurrence.

**RESPONSE:**

Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238-0487
Phone Number:    205.981.3906
Fax Number:    205.981.3908
E-mail: jdralty@charter.net
        tlbaker@charter.net

## REQUEST FOR SERVICE

Pursuant to the Alabama Rules of Civil Procedure, 4(c)(2)(C)(ii), Plaintiff requests that the foregoing Interrogatories to Defendant, CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK, be served by certified mail along with the Summons, Complaint and Interrogatories in this cause.


_____
OF COUNSEL



ELECTRONICALLY FILED
4/30/2007 12:07 PM
CV-2007-900041.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

E███ K███, INDIVIDUALLY; E███
K███ BY AND THROUGH HER NEXT
FRIEND AND MOTHER, **AMY ATKINS,**

        **Plaintiffs,**

v.

CHILD DEVELOPMENT SCHOOLS,
INC., d/b/a CHILDCARE NETWORK,

**No. 1,** whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
under took to provide services to
Plaintiffs on the occasion made the basis
of this lawsuit;

**No. 2,** whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
negligently or wantonly supervised the
activities of the Plaintiff and others on or
about the occasion made the basis of
this lawsuit;

**No. 3,** whether singular or plural, being
that person, firm, partnership,
corporation, or other legal entity who
negligently or wantonly left the Plaintiff
unattended in an area at the time and
place described in Plaintiff's Complaint;

**No. 4,** whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
breached a warranty of reasonable and
appropriate care and attention to the
Plaintiff on the occasion described in
Plaintiff's Complaint;

**No. 5,** whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
negligently or wantonly supervised the
area described in this Complaint;

**No. 6,** whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
undertook to provide services to the

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV:

**PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS**

Plaintiff on the occasion made the basis
of this lawsuit;                          )
                                          )
**No. 7**, whether singular or plural, being; )
that person, firm, partnership,           )
corporation or other legal entity who     )
undertook to assist and secure the        )
Plaintiff on the occasion made the basis  )
of this lawsuit;                          )
                                          )
**No. 8**, whether singular or plural, being )
that person, firm, partnership,           )
corporation or other legal entity who     )
breached a warranty that the Plaintiff    )
would be reasonably and adequately        )
protected from physical acts of violence  )
against her person while a attending,     )
working or being affiliated with the Child )
Development Schools, Inc.                 )
                                          )
     Plaintiff avers that the identity of )
the fictitious party defendants is        )
otherwise unknown to Plaintiff at this    )
time, or, if their names are known to     )
Plaintiff at this time their identity as  )
proper party defendants is not known to   )
Plaintiff at this time; but their true names )
will be substituted by amendment when     )
the aforesaid lacking knowledge is        )
ascertained.                              )
                                          )
          **Defendants.**                 )
                                          )
                                          )
                                          )


## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**COMES NOW** the Plaintiff in the above-styled cause, and pursuant to Rule 34 of

the Alabama Rules of Civil Procedure, request that the Defendant, CHILD

DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK, respond to the

following Request for Production of Documents within the time required by the Alabama

Rules of Civil Procedure.

1.    Copies of all reports of any investigation made by the Defendant or any of its agents into the incident which made the basis of this Complaint.

**RESPONSE:**

2.    Copies of any police report regarding this incident.

**RESPONSE:**

3.    Copies of any of the Defendants incident reports regarding this incident.

**RESPONSE:**

4.    Copies of any statement given by the Plaintiff regarding this incident.

**RESPONSE:**

5.    Copies of any statements given by any witness to this occurrence.

**RESPONSE:**

6.    Copies of any statements given by the child who was alleged to have violated the Plaintiff.

**RESPONSE:**

7.    Copies of the staffing ratios for this Defendant or any documents which relate to required standards regarding the required number of employees and the number of students.

**RESPONSE:**

8.    All documents which relate to names and addresses of the employees at the school on the date in question.

**RESPONSE:**


9.    State the tuition cost for the Plaintiff.

**RESPONSE:**


10.    Provide all records of academic achievement for the Plaintiff.

**RESPONSE:**


11.    Provide any documents relating to any prior student assaults at this school location within the last three years.

**RESPONSE:**


12.    Provide all records of academic progress made by the student who is alleged to have assaulted the Plaintiff, including any prior disciplinary notices.

**RESPONSE:**

Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238-0487
Phone Number:     205.981.3906
Fax Number:     205.981.3908
E-mail: jdratty@charter.net
         tlbaker@charter.net

## REQUEST FOR SERVICE

Pursuant to the Alabama Rules of Civil Procedure, 4(c)(2)(C)(ii), Plaintiff requests that the foregoing Request for Production of Documents to Defendant, CHILD DEVELOPMENT SCHOOLS, INC., D/B/A CHILDCARE NETWORK, be served by certified mail along with the Summons, Complaint and Interrogatories in this cause.

_____
OF COUNSEL


ELECTRONICALLY FILED
11/9/2007 1:02 PM
CV-2007-900041.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

E███ K███, INDIVIDUALLY; E███ K██ BY AND THROUGH HER NEXT FRIEND AND MOTHER, **AMY ATKINS,**

      **Plaintiffs,**

v.

**CHILD DEVELOPMENT SCHOOLS, INC., d/b/a CHILDCARE NETWORK,**

**No. 1,** whether singular or plural, being that person, firm, partnership, corporation or other legal entity who under took to provide services to Plaintiffs on the occasion made the basis of this lawsuit;

**No. 2,** whether singular or plural, being that person, firm, partnership, corporation or other legal entity who negligently or wantonly supervised the activities of the Plaintiff and others on or about the occasion made the basis of this lawsuit;

**No. 3,** whether singular or plural, being that person, firm, partnership, corporation, or other legal entity who negligently or wantonly left the Plaintiff unattended in an area at the time and place described in Plaintiff's Complaint;

**No. 4,** whether singular or plural, being that person, firm, partnership, corporation or other legal entity who breached a warranty of reasonable and appropriate care and attention to the Plaintiff on the occasion described in Plaintiff's Complaint;

**No. 5,** whether singular or plural, being that person, firm, partnership,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CV:  2007-900041.00**

**ALIAS SUMMONS**

corporation or other legal entity who
negligently or wantonly supervised the
area described in this Complaint;

**No. 6,** whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
undertook to provide services to the
Plaintiff on the occasion made the
basis of this lawsuit;

**No. 7,** whether singular or plural, being;
that person, firm, partnership,
corporation or other legal entity who
undertook to assist and secure the
Plaintiff on the occasion made the
basis of this lawsuit;

**No. 8,** whether singular or plural, being
that person, firm, partnership,
corporation or other legal entity who
breached a warranty that the Plaintiff
would be reasonably and adequately
protected from physical acts of violence
against her person while a attending,
working or being affiliated with the
Child Development Schools, Inc.

     Plaintiff avers that the identity of
the fictitious party defendants is
otherwise unknown to Plaintiff at this
time, or, if their names are known to
Plaintiff at this time their identity as
proper party defendants is not known
to Plaintiff at this time; but their true
names will be substituted by
amendment when the aforesaid lacking
knowledge is ascertained.

     **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CV:    2007-900041.00**

**ALIAS SUMMONS**

2

## ALIAS SUMMONS

**TO DEFENDANT:  CN1 #3**
**Christy McMillian**
**2105 5TH Street**
**Phenix City, Al. 36869**

You are hereby summoned and required to serve upon Plaintiff's attorney:

Jerry Roberson
ROBERSON & ROBERSON
P.O. Box 380487
Birmingham, Alabama 35238-0487

a response to the complaint which is herewith served upon you, within **30** days after service of this summons upon you, exclusive of the day of service.  IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.  A signed copy of your response MUST also be filed with the court.

DATE:_____          Russell County Circuit Court House,
                                       Clerk
                                       501 14th Street
                                       Phenix City, Alabama 36867


By:_____
                                       Deputy Clerk
Case Number: CV _____


3

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

E███ K███, Individually; E█████        )
K███, by and through her next friend   )
and mother, AMY ATKINS,                )
                                       )
    Plaintiffs,   )
                                       )
vs.                                    )    CASE NO.: CV-07-900041
                                       )
CHILD DEVELOPMENT SCHOOLS,             )
INC. d/b/a CHILDCARE NETWORK,          )
et al.,                                )
                                       )
    Defendants.    )

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   RUSSELL COUNTY CIRCUIT CLERK

    Pursuant to 28 U.S.C. §1446(b), the defendant, Child Development Schools, Inc. d/b/a

Childcare Network, hereby gives notice that it has filed a Notice of Removal in the above-referenced

case filed originally in the Circuit Court of Russell County, Alabama, to the United States District

Court for the Middle District of Alabama, Eastern Division, and that this case has been removed to

that Court. Attached is a copy of the Notice of Removal.

                                          *[signature]*

                          Keith J. Pflaum (PFL001, ASB-3002-A54K)
                          Attorney for Defendant, Child Development
                          Schools, Inc. d/b/a Childcare Network

OF COUNSEL:
**PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.**
22 Inverness Center Parkway, Suite 600
P.O. Box 530790
Birmingham, AL 35253-0790
(205) 980-5000
(205) 980-5001 (Fax)
kjp@phm-law.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon the following by placing a copy of the same in the United States Mail, first class postage prepaid and properly addressed on this the _12_ day of _December_, 2007.

Jerry D. Roberson, Esq.
Roberson & Roberson
P.O. Box 380487
Birmingham, AL 35238-0487

_____
OF COUNSEL

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001537
Cashier ID: brobinso
Transaction Date: 12/12/2007
Payer Name: PORTERFIELD HARPER MILLS
------------------------------------
CIVIL FILING FEE
 For: PORTERFIELD HARPER MILLS
 Case/Party: D-ALM-3-07-CV-001083-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 24467
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00

KING ETC V. CHILD DEVELOPMENT ETC