IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| E. K., individually; E. K., by and through her next friend and mother, AMY ATKINS, ) ) ) **Plaintiffs,** ) ) vs. ) ) CHILD DEVELOPMENT SCHOOLS, ) INC. d/b/a CHILDCARE NETWORK, ) et al., ) ) **Defendants.** ) | CASE NO.: 3:07-cv-01083-MHT-TFM |

## ANSWER

COMES NOW the defendant, Child Development Schools, Inc. d/b/a Childcare Network, and in response to the plaintiffs' Complaint states as follows:

1. Denied as phrased.

2. Denied.

3. This allegation does not require any response from this defendant.

4. Denied.

### COUNT TWO

1. Denied as phrased.

2. Denied as phrased.

3. Denied.

4. This allegation does not require any response from this defendant.

5. Denied.

6. Denied.

## COUNT THREE

1. Denied as phrased.

2. Denied as phrased.

3. Denied.

## COUNT FOUR

1. Denied as phrased.

2. Denied.

3. Denied.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. This defendant denies all of the material allegations of the plaintiffs' Complaint and demands strict proof thereof.

3. This defendant pleads the general issue.

4. This defendant pleads as an affirmative defense the applicable statute of limitations.

5. This defendant pleads as an affirmative defense a superseding cause.

6. This defendant pleads as an affirmative defense an intervening cause.

7. This defendant pleads as an affirmative defense a superseding intervening cause.

8. This defendant pleads as an affirmative defense contributory negligence.

9. This defendant pleads as an affirmative defense assumption of the risk.

10. This defendant pleads as an affirmative defense the lack of a causal relationship between this defendant's actions and/or inactions and the damages and injuries claimed of by the plaintiffs.

11. This defendant pleads as an affirmative defense lack of capacity.

12. This defendant pleads as an affirmative defense the intervening act of a third party.

13. This defendant denies the existence of any implied warranty as alleged in plaintiffs' Complaint.

14. This defendant denies it breached any duty owed as alleged in plaintiffs' Complaint.

15. This defendant pleads as an affirmative defense the plaintiffs' failure to mitigate damages.

16. This defendant pleads as an affirmative defense payment by a collateral source.

17. The plaintiffs should not recover punitive damages of this defendant for that punitive damages violates the Constitution of the United States and the Constitution of the State of Alabama.

18. The plaintiffs should not recover punitive damages of this defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

19. The plaintiffs should not recover punitive damages of this defendant for that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

20. The plaintiffs should not recover punitive damages of this defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

21. The plaintiffs should not recover punitive damages of this defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

22. The plaintiffs should not recover punitive damages of this defendant, since the Complaint alleges intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said defendant.

23. A punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

24. A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

25. Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

    (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    (c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    (f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

    (g) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

26. Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

    (a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond the reasonable doubt" burden of proof required in criminal cases;

    (b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

    (c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

    (e) The award of punitive damages in this case constituted a deprivation of property without due process of law.

27. Plaintiffs' attempt to impose punitive damages or extra contractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

28. The award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States constitution.

29. The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

30. This defendant specially pleads the limitations set forth in Alabama Code §6-11-21.

31. This defendant pleads the $250,000 cap and avers that the abolishment of the cap by the Alabama Supreme Court was unconstitutional and without effect.

32. This defendant avers that the Alabama Supreme Court cannot abolish the $250,000 cap for punitive damages established by the legislature and the attempt to abolish the cap violates the Constitutions of the United States and the State of Alabama.

33. The Due Process Clause of the Fourteenth Amendment to the United States

        Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this defendant.

34. This defendant avers all the defenses set out by the United States Supreme Court in <u>BMW of North American v. Gore</u>, 517 U.S. 559 (1996).

35. This defendant reserves the right to amend its Answer as discovery progresses pursuant to the Scheduling Order entered by the Court.

        **s/Keith J. Pflaum**
        Keith J. Pflaum
        Bar Number: ASB-3002-A54K
        Attorney for Defendant, Child Development Schools, Inc. d/b/a Childcare Network
        Porterfield, Harper, Mills & Motlow, P.A.
        22 Inverness Center Parkway, Suite 600
        P.O. Box 530790
        Birmingham, AL 35253-0790
        Telephone: (205) 980-5000
        Fax (205) 980-5001
        E-mail: kjp@phm-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the __31st__ day of __January__, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jerry D. Roberson, Esq.
Roberson & Roberson
P.O. Box 380487
Birmingham, AL 35238-0487

                                            s/Keith J. Pflaum
                                            Keith J. Pflaum
                                            Bar Number: ASB-3002-A54K
                                            Attorney for Defendant, Child Development
                                            Schools, Inc. d/b/a Childcare Network
                                            Porterfield, Harper, Mills & Motlow, P.A.
                                            22 Inverness Center Parkway, Suite 600
                                            P.O. Box 530790
                                            Birmingham, AL 35253-0790
                                            Telephone: (205) 980-5000
                                            Fax (205) 980-5001
                                            E-mail: kjp@phm-law.com