IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| E. K., individually, and E. K., by and through her next friend and mother, Amy Atkins, ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 3:07-cv-1083-MHT |
| CHILD DEVELOPMENT SCHOOLS, INC. d/b/a Childcare Network, et al., ) ) ) ) | |
| Defendant. ) | |

**ORDER ON MOTION AND HIPAA PROTECTIVE ORDER**

Upon consideration of Defendant's *Motion to Enter HIPAA Compliant Order* (Doc. 14, filed February 8, 2008) and the fact the motion is unopposed,[1] it is **ORDERED** that the motion is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any pro se parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such

---

[1] Counsel for the plaintiff informed the Court's law clerk on February 12, 2008 via telephone that he does not opposed the motion.

individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's medical or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This

Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance in the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

DONE this 12th day of February, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE