IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| E.K, et al., } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | Civil Action No. |
| } | 3:07-cv-1083-MHT-TFM |
| CHILD DEVELOPMENT } | |
| SCHOOLS, et al. } | |
| } | |
| Defendants. } | |

**MOTION TO QUASH OR MODIFY SUBPOENA; OR IN THE ALTERNATIVE,
MOTION FOR PROTECTIVE ORDER**

COMES NOW the State of Alabama Department of Human Resources, (hereinafter the Department), a non-party to the above-styled action, and respectfully requests this Honorable Court to enter an order 1) quashing the subpoena issued by the Defendant in the above-styled cause; 2) directing the Plaintiff to narrow the scope of the subpoena issued for the Department's records, 3) directing an *in camera* by the Court of the records requested by the Plaintiff and prohibiting access to DHR records; or 4) entering an appropriate Order regarding release of said records. In support of its Motion, the Department shows unto the Court as follows:

1. On or about February 13, 2008, counsel for the Defendant served upon the Department a subpoena *duces tecum* which commands the Department to produce for inspection the following:

> Any and all records including, but not limited to, office notes, summary sheets, reports memorandums, correspondence, evaluations, and any other documents in your possession or control pertaining to Child Development Schools, Inc. d/b/a Childcare Network located at 2101 5th Street South, Phenix City, AL 36856, more specifically any records on Emily J. King, a minor (D.O.B: 7/4/00), and/or Amy Atkins King and/or John King, Jr.

A copy of the said subpoena duces tecum is attached hereto as Exhibit A.

2. The subpoena served by the Defendant on the Department is clearly little more than a "fishing expedition".

3. Rule 45(C)(3)(A) Federal Rules of Civil Procedure provides that on timely motion the Court, by which a subpoena was issued, shall quash or modify the subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies.

4. Records being sought by the Defendant are protected by both State and Federal statute.

5. The United States Supreme Court has held that an individual has a right only to have records of a child protective service agency turned over to the trial court for an *in camera* review to determine the release of relevant and material information only. *Pennsylvania v. Ritchie,* 480 U.S. 39 (1987). Access to information on Constitutional due process grounds is limited to the material and exculpatory evidence that is essential to the fairness of the trial. *Id.*

6. This Court is entitled to restrict the *in camera* review of records to material evidence. The United States Court of Appeals for the fourth circuit has stated the rules as follows:

> "There is nothing in [P*ennsylvania v [Ritchie]* 480 U.S. 39 (1987)], which suggests that the trial judge was obligated to review the subpoenaed documents *in camera* after determining the subpoena was over broad. Instead the Petitioner could have drafted a different, narrower subpoena or made more specific requests for the documents. *Love v Johnson,* 57 Fed.3d 1305, 1312 (4th Cir. 1995) (Parenthetical information added)."

7. The records contemplated by the subpoena are confidential by Alabama law with access limited to material and exculpatory evidence essential to the fairness of a trial in the case. Ala. Code § 26-14-8 (c), § 38-2-6 (8). *Ex parte, Alabama Dept. of Human Resources* (in re *Patricia Harris v. Liberty National Life Insurance Co*.) 719 So.2d 194, 199-201 (Ala. 1998) ("Moreover the language of § 38-2-6(8) does not indicate that the legislature intended to give DHR or any person to ability to waive that prohibition of disclosure…in sum, we believe that §

2

38-2-6(8)…prohibits the wholesale discovery of DHR records…we direct Judge Ramsey to conduct an *in camera* inspection of DHR's file on Harris and to allow…information relevant and material"). *Ex parte Riggs,* 423 So.2d 202, 203 (Ala. 1982). ("The trial judge should conduct an *in camera* inspection of the subject records…). *Ex parte Smith,* 555 So.2d 1106 (Ala.Civ.App. 1989) (Finding "no information which would be essential to the defense of this matter which has been provided to the defense" attorneys in a juvenile case). *Schaffer v. State* 676 So.2d. 947, 948 (Ala.Cr.App. 1995) ("Strong public policy reasons for maintaining the confidentiality of such records…examination should be *in camera*") *Gibson v State* 677 So.2d 1643 (Ala.Cr.App. 1994) (DHR confidential information must be both exculpatory and material to be requested to be disclosed.) *Allen v. State* 659 So.2d 135, 149 (Ala. Cr. App. 1994) ("Review of the DHR records…reveals… the notes taken by the social worker… contain no exculpatory information.") *Ex parte Myers* 675 So.2d 549, 551 (Ala.Cr.App. 1996) ("Disclose to the Petitioner any information that could be "conceivably exculpatory" or used for impeachment purposes, including any evidence of prior reports of sexual abuse.")

      8.      The United States Supreme Court has had occasions to rule on access to government records where those records are protected by state statutes. In *Pennsylvania v. Ritchie supra,* the Supreme Court addressed the claim of a father who was charged with sexual offenses against his minor daughter, and stated that he was entitled to receive certain confidential records of his daughter that had been compiled by Children and Youth Services (CYS), a protective service agency established by Pennsylvania to investigate suspected cases of sexual abuse. Ritchie argued that he was entitled to disclosure because the records might contain the names of favorable witnesses, impeachment material, as well as other unspecified exculpatory information. The Supreme Court held in pertinent part that,

> "Ritchie is entitled to have the CYS file reviewed by the trial court to determine whether it contains information that probably would have changed the outcome of

3

the trial. If it does, he must be given a new trial. If the record maintained by CYS contains no such information or if the non-disclosure was harmless beyond a reasonable doubt, the lower court will be free to reinstate the prior conviction." *Richie* supra at 58 (footnote admitted)

9.  The United States Court of Appeals for the 11th Circuit has stated the following regarding *Ritchie,* "The Supreme Court's reasoning in decision *Ritchie* is an endorsement of the procedure we reached in *Miller v. Wainwright,* 798 Fed.2d 2426 (11th Cir. 1986)] Both courts based on the facts presented, determined that due process required some court to review the confidential material to determine if the appropriate file "contains information that may have changed the outcome of his trial had it been disclosed" *Ritchie* 480 U.S. 39, 107 S.Ct. at 1005, 98 L.Ed.2d at 60." *Miller v. Dooger* 820 Fed.2d 1135, 1137 (11th Cir. 1987) (Parenthetical information added).

10. A decision by the United States Court of Appeals for the 10th Circuit affirmed a federal district court's order instructing a state trial court to apply the Ritchie standard.  In *Exline v. Gunter* 985 Fed.2d 487 (10th Cir. 1993) the United States Court of Appeals affirmed that a defendant in a child's sexual assault prosecution had been denied his right to due process by the trial court's failure to review the victim's social services record *in camera* "to determine whether the records may have been necessary for determination of petitioner's guilt or innocence."

WHEREFORE, THE ABOVE PREMISES CONSIDERED, the Department respectfully requests this Honorable Court either quash the said subpoena or modify the subpoena, restricting the information sought to that which is relevant and material to the matter before the Court. In the alternative, the Department requests this Court conduct an *in camera* inspection of the requested records to determine whether those records contain evidence material to this case which should be released to any party hereto. Further, in the event the Court finds there is evidence in the Department's records which is material case at hand, the Department respectfully requests this Court issue a protective order which includes the following:

4

    A.    Directs all parties to maintain the confidentiality of the Department's records.

    B.    Directs all parties to disclose the Department's records only to
1. The Court
2. Counsel for a Party
3. A person with prior legal access to said records
4. Court officials involved in the litigation, including court reporters
5. Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify or actually giving testimony provided such persons are directed by this court order to do so
6. Outside consultants or experts retained for the purpose of assisting counsel in the litigation or anticipation of such, provided said persons are directed to keep confidential those matters protected by this order

    C.    Provides that any record of the Department admitted into evidence or otherwise made part of the record in this case shall be placed under seal and shall not be made part of the public record of this case.

    D.    Provides that party requesting said documents from the Department pay the Department for the cost of production.

RESPECTFULLY SUBMITTED this 3rd day of March 2008.

                      TROY KING
                      ATTORNEY GENERAL

                      SHARON FICQUETTE (FIC001)
                      Chief Legal Counsel
                      Ala. Dept. of Human Resources

                      /s/ Michael C. Joiner
                      MICHAEL C. JOINER (JOI003)
                      Assistant Attorney General
                      State of Alabama
                      Department of Human Resources
                      Legal Office
                      P.O. Box 304000
                      Montgomery, Alabama  36130-4000
                      Phone: (334) 242-9330
                      Fax: (334) 242-0689

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served the foregoing **MOTION TO QUASH OR MODIFY SUBPOENA; OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER** on all attorneys and/or parties of record in this case, by electronic filing and by placing copies of the same addressed to them at their last known address in the United States Mail, First Class postage prepaid, on this the 3rd day of March 2008.

| | |
|---|---|
| Keith J. Pflaum, Esq. | Jerry D. Roberson, Esq. |
| 22 Inverness Center Parkway | 3765 Kinross Drive |
| Suite 600 | P. O. Box 380487 |
| Birmingham, AL  35242-4821 | Birmingham, AL 35238 |

                                                                           //s// *Michael C. Joiner*
                                                                         MICHAEL C. JOINER (JOI 003)
                                                                          Assistant Attorney General

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

E.K., individually, et al.

V.

Child Development Schools, Inc., et al.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 3:07-cv-1083-MHT-TFM

TO: Alabama Department of Human Resources
ATTN: Custodian of Records
50 North Ripley Street
Montgomery, AL 36130

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A

| PLACE  Mail to - Keith J. Pflaum, Esq., Porterfield, Harper, Mills & Motlow, P.A., 22 Inverness Center Parkway, Suite 600, Birmingham, AL 35242-4821 | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     DATE 2/7/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Keith J. Pflaum, Attorney for Defendant Child Development Schools, Inc. d/b/a Childcare Network, Porterfield, Harper, Mills & Motlow, P.A., 22 Inverness Center Parkway, Suite 600, Birmingham, AL 35242-4821

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Alabama Department of Human Resources | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Keith J. Pflaum | Attorney for Defendant Child Development Schools, Inc. d/b/a Childcare Network |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  2/7/08
DATE

SIGNATURE OF SERVER

22 Inverness Center Parkway, Suite 600
ADDRESS OF SERVER

Birmingham, AL 35242-4821

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

YOU ARE HEREBY NOTIFIED of the following request of the defendant that you produce by mail, within fifteen (15) days, unless the Court orders otherwise, after service of this subpoena, a copy of the following documents to the offices of **Keith J. Pflaum, Esq., PORTERFIELD, HARPER, MILLS & MOTLOW, P.A., 22 Inverness Center Parkway, Suite 600, Birmingham, Alabama 35242-4821**:

Any and all records including, but not limited to, office notes, summary sheets, reports, memorandums, correspondence, evaluations, and any other documents in your possession or control pertaining to **Child Development Schools, Inc. d/b/a Childcare Network located at 2101 5th Street South, Phenix City, Alabama 36856**, more specifically any records on **Emily J. King**, a minor (D.O.B.: 7/4/00), and/or **Amy Atkins King** and/or **John King, Jr.**

Said defendant agrees to pay all reasonable expenses incurred by you in connection with the production of said documents. You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objections, in writing, to the party causing the issuance of this subpoena, and stated with respect to any item or category to which objection is made, your reasons for such objection.