IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| E.K., *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1083-MHT-TFM |
| | ) | |
| CHILD DEVELOPMENT SCHOOLS, *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER and PROTECTIVE ORDER

Upon consideration of the *Motion to Quash or Modify Subpoena, or in the Alternative, Motion for Protective Order*, filed by the Alabama Department of Human Resources (Doc. #16; March 3, 2008), and the parties' timely responses to the Court's *Order* (Doc. #17, entered March 4, 2008) directing the parties to show cause why the *Motion* should not be granted, it is

**ORDERED** that the ***Motion to Quash* is DENIED, and the *Alternative Motion for a Protective Order* is GRANTED**. The Court determines the information is discoverable, but is not making any determination on the admissibility of evidence found. **Those documents which may be admitted into evidence or otherwise made part of the record in this case shall be placed under seal and shall not be made part of the public record of this case. As the party requesting the documents, the Defendants are responsible to the State for its production costs.**

Additionally, the Court enters a **PROTECTIVE ORDER** which governs all

parties and interested non-parties whereby the above-referenced documents shall be designated confidential. Such confidential documents and information shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

a. Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

b. The parties in the above-styled action;

c. The Court and persons employed by the Court working on this litigation;

d. Court reporters at the proceedings in this action;

e. Experts or consultants retained or consulted by the parties;

f. Deponents, trial witnesses and potential deposition witnesses; and

g. a person with prior legal access to said records.

Prior to making such disclosure of any confidential documents or information, the person to whom disclosure will be made must be provided with a copy of this Order and must agree to be bound by it. Further, upon request by the producing party, within 90 (ninety) days of the conclusion of this matter as to all parties, and upon written request of a party all confidential information of such party and all copies thereof shall be returned to counsel for that party or, if that party so requests, shall be destroyed and an affidavit prepared and executed certifying to such destruction and mailed to the party producing that confidential information.

Done this 17th day of March, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE